UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Heidi Frison, on her own behalf and behalf of her minor children, Erica Frison and Keisha Frison,<br><br>Plaintiffs,<br><br>vs.<br><br>Officer Daniel J. Zebro, Sgt. Peck, Officer Scagle, Officer S. Bystrom, Officer Merrill, Jane Doe (whose true name is unknown), John Smith (whose true name is unknown), Jim Jones (whose true name is unknown), all in their personal and official capacities; and the City of St. Paul,<br><br>Defendants. | ) | Court File no. 00-2688 PAM/JGL<br><br>**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS** |

The Parties agree and stipulate that:

1. The Defendants agree to produce Internal Affairs Unit Investigation # 00-614 involving employees Todd Feroni and Daniel Zebro from conduct occurring on June 6, 2000, pursuant to a stipulated protective order.

PROTECTIVE ORDER

2. The production of the foregoing document shall be on the following terms and conditions:

a. The document to be produced in response to this order shall be considered "Confidential Materials" under the terms of this order, and this order shall govern the examination and use of such documents.

FILED MAY 0 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

b. Confidential Materials and information delivered therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d below. The Confidential Materials shall not otherwise be disclosed unless and until otherwise agreed by the Defendants or ordered by the court hearing the action. It is expressly understood that the plaintiff, the minor daughters on whose behalf this action is brought (hereinafter "her daughters") and/or plaintiff's counsel may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If plaintiff's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential", and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcript that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The court or anyone the court so directs;

ii. Plaintiff (and/or her daughters);

iii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iv. Court reporters employed in connection with any deposition in the action; and

v. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g and h hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third-party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness

and his or her attorney shall be bound by subparagraph b of this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this order.

3. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to affect in any way Defendants' rights to object to the admissibility of any document, testimony, or other evidence at trial.

5. If plaintiff (or her daughters) receives a subpoena or other court process that arguably calls for the production of Confidential Materials, plaintiff (or her daughters) shall give the Defendants at least ten (10) days' notice before producing any such Confidential Materials.

6. Upon termination of this litigation, counsel for plaintiff shall return all Confidential Materials and copies thereof to Defendants' counsel.

7. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this order.

Dated: May 4, 2001

JORDAN S. KUSHNER, No. 219307
Attorney at Law
Sexton Building, Suite 636
529 South 7th Street
Minneapolis, MN 55415
Attorney for Plaintiff

Dated: May 3, 2000

JAMES F. X. JERSKEY, No. 220115
Assistant City Attorney
550 City Hall and Court House
15 West Kellogg Boulevard
Saint Paul, Minnesota 55102
(651) 266-8757
Attorney for Defendants

ORDER

Upon the stipulation of the parties, the documents aforementioned shall be produced subject to the above Protective Order.

Dated: May 8, 2001

______________________________
Mag. Judge, United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 2/23/01